# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LEWIS ANDREW THUES, | ) | |
| | ) | 3:04-cv-00082-LRH-VPC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| E.K. McDANIEL, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

On November 7, 2006, the Court entered an Order denying the habeas corpus petition in this case (docket #41). Judgment was entered on the next day (docket #42).

Subsequently, petitioner filed a Notice of Appeal and an Application for Certificate of Appealability (#43 and #44). Respondents have opposed the Request for Certificate of Appealability (docket #46).

Thues has also filed the appropriate motion for leave to proceed *in forma pauperis* on appeal (docket #45). Based on the information that petitioner has submitted with that application, the Court will grant petitioner leave to proceed *in forma pauperis* on appeal. Petitioner will not be required to prepay any portion of the $455 filing fee for his appeal.

Petitioner seeks a certificate of appealability as to all grounds of his petition. *See* Application (docket #44), p. 2. Petitioner argues that this Court improperly deferred to the Nevada Supreme Court in its determination of the prior bad acts evidence, suggesting that the state court's decision was erroneous because the state never proved up the bad acts mentioned at trial. Petitioner also contends that the court's decision on his ineffective assistance of counsel claims and his cumulative error claims

1 would be debated by jurists of reason.

2 The Court will deny petitioner's application for a certificate of appealability. The standard for
3 the issuance of a certificate of appealability calls for a "substantial showing of the denial of a
4 constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as
5 follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

13 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.
14 2000). The petitioner has not met this standard.

15 The Court finds that, in view of well established law, jurists of reason would not find debatable
16 whether petitioner's claim made a "substantial showing" of a constitutional violation. The claims
17 themselves are clearly founded on constitutional grounds. However, it would not be debated among
18 jurists of reason whether the court's conclusions and assessments of those claims were correct.
19 Petitioner was unable to demonstrate that the state court's handling of the admission of his prior bad acts
20 and threats of violence claims, counsel's alleged ineffectiveness or the impact of cumulative error
21 involved either an unreasonable determination of the facts or was contrary to or an unreasonable
22 application of clearly established federal law.

23 The certificate of appealability should be denied.

24 **IT IS THEREFORE ORDERED** that petitioner's Application to Proceed *in Forma Pauperis*
25 on appeal (docket #46) is **GRANTED**. Petitioner shall not be required to make any prepayment of the
26 filing fee for his appeal.

27 **IT IS FURTHER ORDERED** that petitioner's application for issuance of a certificate of

appealability (docket #44) is **DENIED**.

Dated this 9th day of February, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3